## HENDIN v. AMERICAN DISTILLING CO. et al.

Civil Action No. P–321.

District Court, S. D. Illinois, N. D.

April 8, 1944.

E. V. Champion, of Peoria, Ill., for plaintiff Hendin.

George Z. Barnes, of Peoria, Ill., for Alliance Life Ins. Co.

Theodore C. Baer, of Peoria, Ill., and Donovan Y. Erickson and Francis L. Daily, both of Chicago, Ill., Eugene E. Horton, of Peoria, Ill., John M. Connery, of Chicago, Ill., and Emerson T. Anthony, of Peoria, Ill., for Gilbert B. Geiger, Trustee.

Cassidy, Sloan & Crutcher and Shelton F. McGrath, all of Peoria, Ill., for intervenor Ida Gelfand.

Richard J. Kavanagh, of Peoria, Ill., for American Distilling Co., Directors.

Howard L. Doyle, U. S. Atty.'s Office, of Springfield, Ill., and Stewart Seymour, of New York City, for American Distilling Co.

Eugene D. McLaughlin, of Peoria, Illinois for Common Stockholders.

ADAIR, District Judge.

### Findings of Fact.

1. The amount involved and in dispute in this cause is in excess of Three Thousand Dollars ($3,000).

2. The plaintiff, Harry Hendin, is a resident and citizen of the State of Missouri. The defendant, The American Distilling Company, is a corporation organized and existing under and by virtue of the laws of the State of Maryland, is licensed to do business in the State of Illinois, operates its largest plant in this Federal Court District, and the warehouse receipts which evidence the ownership of the trust res

864

are located within this Federal Court District. The defendants, G. W. Michell and Gilbert B. Geiger, are residents and citizens of the State of Illinois and of this Federal Court District. All of the other defendants are residents and citizens of states other than the State of Illinois or the State of Missouri.

3. On December 11, 1943, pursuant to resolutions of the Board of Directors of the American Distilling Company, adopted on November 12, and December 9, 1943, respectively, said company caused to be made and executed a certain Trust Indenture wherein and whereby it appointed and designated Gilbert B. Geiger, of Peoria Heights, County of Peoria, and State of Illinois, as Trustee for the stockholders of the American Distilling Company, and caused to be transferred, set over, assigned and delivered unto said Trustee all of the right, title, and interest of The American Distilling Company in and to warehouse receipts evidencing ownership of 237,500 barrels of whiskey, located at and more particularly described as follows:

5. The Trust Indenture of December 11, 1943, and more specifically Articles III and IV thereof, grants to the stockholders of the Company the privilege of acquiring blended whiskey from the Trustee on the terms and conditions therein stated.

6. The said Trust Indenture of December 11, 1943, by Article V thereof, grants to the stockholders of the Company an additional privilege of acquiring from the Trustee bonded whiskey upon the terms and conditions therein stated.

7. The said Trust Indenture of December 11, 1943, by Article VIII thereof, makes provision for the sale by the Trustee of the whiskey not acquired by the stockholders of the company under the above stated privileges, and the payment of the proceeds of such sale to those stockholders who have elected not to exercise their said privileges.

8. Following the execution of said indenture dated December 11, 1943, the Company, acting pursuant to provisions of Article II thereof, caused to be mailed to each of its stockholders of record at the

| Location of whiskey | No. of Receipts | No. of barrels by ages | | | |
|---|---|---|---|---|---|
| | | 4 Years or More | 3 Years or More | 2 Years or More | 1 Year or More |
| American Distilling Co., Pekin, Ill. | 1 | 22,367 | 49,665 | 63,031 | 40,678 |
| American Distilling Co., Sausalito, Calif. | 1 | 2,259 | 7,696 | 8,023 | 7,611 |
| New England Distilleries Clinton, Mass. | 10 | | | 200 | |
| Hiram Walker, Peoria, Ill. | 3 | | | 300 | |
| Readville Distilleries, Boston, Mass. | 6 | | | | 166 |
| James B. Beam, Clermont, Ky. | 223 | | 525 | 426 | |
| Pekin Warehouse Co., Pekin, Ill. | 94 | 1,003 | 4,295 | 5,760 | 450 |
| Country Distilleries, Deatsville, Ky. | 104 | 599 | 383 | 1,803 | 1,081 |
| Commercial Dist. Corp., Terre Haute, Ind. | 231 | 3,772 | 7,436 | 7,957 | 14 |
| Totals | 673 | 30,000 | 70,000 | 87,500 | 50,000 |

4. At the time of the execution of the said Trust Indenture by The American Distilling Company, Gilbert B. Geiger joined in the execution of said Trust Indenture, thereby accepting the appointment as such Trustee, and has since said date been and still is acting as Trustee thereunder.

close of business on December 23, 1943, at their addresses as they appeared on the books of the Bank of Manhattan Company, one of the transfer agents of the defendant Company, a circular dated December 17, 1943, which said circular described in general the privileges granted by the fore-

going provisions of the said Trust Indenture and the terms and conditions under which said privileges might be exercised by the stockholders. The Company, pursuant to Section 2 of said Article II, likewise caused to be mailed to said stockholders of record of December 23, 1943, at their said addresses, a form of order prepared by the Trustee for use by the stockholders in the exercise of the foregoing privileges pertaining to blended whiskey.

9. As a result of the mailing of the said circular of December 17, 1943, and said orders, the Trustee received numerous orders from those stockholders electing to exercise the privilege of acquiring blended whiskey, which said orders under the evidence aggregated, to wit: in excess of Nine Million Dollars ($9,000,000) and were in respect of in excess of 104,000 shares of stock of the company, out of a total of 250,000 shares outstanding, and are at the present date, according to the brief of the Trustee, in respect of in excess of 160,000 shares.

10. Due to regulations of and necessarily extended conferences with representatives of the Office of Price Administration, the fact that this cause was pending in this court undetermined, and other justifiable causes, it was impossible for the Trustee to comply within the time specified in the Trust Indenture of December 11, 1943, with the terms and provisions thereof relating to the delivery of whiskey to the beneficiaries of said trust. The Trustee, accordingly, on February 23, 1944, with the consent of the Company, executed an Amendatory Indenture extending until April 20, 1944, the period within which stockholders could exercise their privilege of acquiring bonded and blended whiskey, and changing from February 29, 1944, to April 20, 1944, the record date for identification of stockholders entitled to receive cash by reason of their election not to acquire blended whiskey, with appropriate provision by which such stockholders of record February 29, 1944, might reserve to themselves the privilege of receiving cash and thereafter sell their stock divested of such privilege. The Amendatory Indenture of February 23, 1944, likewise changed the brand names under which the respective whiskies are to be bottled; this change in brand names being the result of a request made to the Trustee by the Office of Price Administration. The change in the brand names does not and will not affect the proof, quantity, or quality of the whiskey.

11. The Trustee, following his acceptance of his appointment as such, by the Trust Indenture dated December 11, 1943, promptly entered upon the performance of his duties in that capacity and has diligently and efficiently performed all of his duties as such Trustee from the time of his appointment to date. He established an Office in the City of Peoria, Illinois, with a substantial number of employees. He employed counsel to advise him with respect to the correct performance of his duties. He has during the period intervening since his appointment devoted practically all of his time to the performance of his duties as Trustee. He has in all of the foregoing activities acted entirely according to his own business judgment. He has neither solicited nor accepted instructions, guidance or advice from the company. None of the persons whom he has employed, nor of the attorneys whom he has retained, has any business, professional or other connection with the company. He is by profession a Certified Public Accountant, practicing in the City of Peoria, Illinois. At no time prior to his acceptance of his appointment as Trustee in this matter did he have any business or professional connection with the company, directly or indirectly.

12. At the time of the trial of this cause numerous stockholders had exercised their privilege to acquire whiskey, representing in the aggregate approximately 40% of the outstanding shares of stock of the company. The Trustee has not bottled or shipped any of the whiskey. All of the funds received by the Trustee are on deposit to the account of the Trustee in the First National Bank of Peoria, Peoria, Illinois, which is designated in the Trust Indenture of December 11, 1943, as custodian of the warehouse receipts and a depositary of the funds. In each case where any stockholder has for any reason elected to cancel his order and asked that the money heretofore paid by him to the Trustee be returned, the Trustee has agreed to such cancellation and has promptly made such refund.

13. No person other than one Ida Gelfand has intervened or sought to intervene in this proceeding.

14. Since the publication on November 15, 1943, of the news release announcing

866

the plan of The American Distilling Company to grant to stockholders the privilege of purchasing merchandise inventory, the number of holders or owners of common stock of The American Distilling Company has increased from Fifteen Hundred and Seventy-five (1575) to in excess of Twelve Thousand (12,000), and the market value of the common stock of the company has increased from approximately Seventy-four and one-half Dollars ($74.50) to One Hundred Ten Dollars ($110) or over per share.

15. None of the officers, directors, representatives or agents of The American Distilling Company have at any time, either directly or indirectly, interfered or attempted to interfere with, or coerce or attempted to coerce, or directed or attempted to direct, or instructed or attempted to instruct Gilbert B. Geiger as Trustee in any way in or in connection with the administration of the Trust.

16. None of the officers or directors of The American Distilling Company have, either directly or indirectly, received any compensation, reward or emolument of any kind on account of, or in connection with the execution of the Trust Indenture, the Amendatory Trust Indenture, the adoption or approval of the plan providing therefor, or from the administration of the Trust created thereby.

17. The plan for distribution of merchandise inventory to stockholders, or the sale for their benefit, is advantageous to stockholders.

18. The plan for distribution of merchandise inventory to stockholders, or the sale thereof for their benefit, does not adversely affect the rights of any of the creditors of The American Distilling Company.

19. The book value of the merchandise inventory as of November 30, 1943, which it is proposed to distribute to stockholders, or sell for the benefit of stockholders, represents less than fifty (50%) per cent of the book value of the assets of The American Distilling Company as of said date.

20. The plan for distribution of said merchandise inventory will not prevent or interfere with, or hamper The American Distilling Company from continuing the efficient operation of the business for which the company was organized.

21. That there are various stockholders derivative and representative actions now pending in the Courts of New York and Illinois against the defendant and cross-complainant, The American Distilling Company; there is good reason to believe that a multiplicity of like actions may be instituted against the defendant and cross-complainant, The American Distilling Company, and that there is danger that a multiplicity of divers actions may be instituted against the said company and against said Gilbert B. Geiger, Trustee, all of such actions arising out of the construction of the Trust Indenture as amended and the administration of the trust created thereby.

### Conclusions of Law.

1. Under the laws of the State of Maryland, the charter of the company and its by-laws, the directors of the company were empowered to make and execute without the consent of the stockholders the Trust Indenture of December 11, 1943, and the Amendatory Indenture of February 23, 1944, and the exercise of such powers by the directors of said corporation was not a violation of any of the laws of the State of Illinois, wherein the Company is authorized to do business.

2. Under the terms of the Trust Indenture of December 11, 1943, and the Amendatory Indenture of February 23, 1944, all stockholders similarly situated are granted the same privileges and any difference in the treatment which any one stockholder may receive thereunder, as compared with the treatment received by any other stockholder, is due to circumstances in which the stockholders find themselves, and not to any difference in the privileges and opportunities afforded to the stockholders by the terms of the said Trust Indenture as so amended.

3. That the validity of the action of the Board of Directors of the defendant company in establishing the Trust created by the Trust Indenture of December 11, 1943, and in consenting to the Amendatory Indenture of February 23, 1944, is governed by the laws of the State of Maryland in which the defendant company was organized, and the charter and by-laws of the company.

4. That such action by the Board of Directors of the company was within the scope of their authority, and constituted a lawful exercise of the managerial powers of the directors in respect to the internal affairs of the company.

5. That the provisions of the Trust created by the said Trust Indenture

as amended do not involve any delegation by the Board of Directors of the company of its managerial power, or discretionary authority of duty, nor do they create any unreasonable or unlawful discrimination in the treatment of the stockholders of the company who are the beneficiaries of the Trust so created.

6. That the changes, amendments and modifications of the Trust Indenture of December 11, 1943, as expressed in the Amendatory Indenture of February 23, 1944, are fair and equitable to all parties in interest, and do not effect any vested rights of stockholders of The American Distilling Company as beneficiaries under the Trust Indenture as stockholders of The American Distilling Company.

7. That the action of the Trustee in so amending the Trust and conditions of the Trust was within the power reserved under terms of the original Trust Indenture of December 11, 1943, and the execution of the Amendatory Indenture of February 23, 1944, constituted a proper exercise of such reserved power.

8. That said Trust Indenture of December 11, 1943, and the Amendatory Indenture of February 23, 1944, provide a method or plan for the distribution of assets to stockholders which does not impair the financial condition of the company or its business, which in no way affects the rights of creditors, and which operates to place the beneficial ownership of the stockholders in said assets in a Trustee for their benefit rather than in the corporation; that said method or plan is within the corporate power of the company, violates no statute, is not contrary to public policy, and is fair and equitable and accords uniform and equal benefits to all stockholders.

9. That the effect of the said plan is to create a Trust in which the company retains no control over the Trustee, and under which it has no reversionary interest in the Trust res, and in which the Trustee is the sole legal owner of the said res, and holds such title subject only to the terms of the Trust Indenture, as amended, and the Trustee is not an agent of the Company.

10. That the source of the Trustee's power to make distribution of the Trust res is the Trust Indenture, as amended, and his exercise of such power is not an exercise of a corporate power of the company by delegation or otherwise.

11. That the said Trust Indenture of December 11, 1943, and the Amendatory Indenture of February 23, 1944, are in all respects valid, and the terms and provisions thereof are binding upon the defendant company, the trustee, all of the stockholders of the company, and all other persons in interest.

12. That the Trustee has acted properly and with due diligence under the circumstances in the performance of his duties as Trustee to this date.

13. Neither the plaintiff nor the intervening plaintiff have established their right to the relief sought in the Bill of Complaint.